UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81215-CV-HURLEY/HOPKINS

JOSEPH W. TENORE
and ERICA L. TENORE,

    Plaintiffs,

v.

LASALLE BANK, N.A., ex rel.; LOAN LINK
FINANCIAL SERVICES; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
et. al.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Plaintiffs' Complaint [ECF No. 16].

## BACKGROUND

According to their *pro se* complaint, Plaintiffs Joseph W. Tenore and Erica L. Tenore obtained a mortgage loan ("Mortgage") secured by their Florida home. Comp. ¶¶ 1–2. Through a "purported" Assignment of Mortgage, the Mortgage was assigned by Defendant Mortgage Electronic Registration Systems ("MERS"), as nominee for Loan Link Financial Services, to Defendant LaSalle Bank, N.A. *Id.* ¶¶ 11, 13. Thereafter, LaSalle Bank sought and received a judgment of foreclosure against the Tenores in Florida state court. *Id.* ¶ 9; *see LaSalle Bank, N.A. ex rel. v. Tenore*, No. 502008-CA-038947 (Fla. 15th Cir. Ct. Apr. 19, 2013), *aff'd Tenore v.*

*LaSalle Bank, N.A. ex rel.*, 138 So. 3d 1045 (Fla. Dist. Ct. App. 2014), *reh'g denied* (June 6, 2014).

On September 29, 2014, Plaintiffs filed their federal complaint against Defendants MERS and LaSalle Bank, arguing that the Assignment of Mortgage was not only invalid, *id.* ¶¶ 16, 18, but that Defendants knew it was when they recorded it and foreclosed on Plaintiffs' home, *id.* ¶ 19. In their prayer for relief, Plaintiffs seek a judicial declaration of the parties' rights under the Mortgage, *id.* ¶ 32(a) to enjoin any foreclosure of their home, *id.* ¶ 32(b) to void the sale of their home, *id.* ¶ 32(c), for an order striking the Mortgage and the Assignment of Mortgage, *id.* ¶ 32(d)–(e), and for damages for slander of title and breach of contract, *id.* ¶32(f)–(g). Pursuant to Federal Rule of Civil Procedure 12(b), Defendants move to dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Patent Licensing & Inv. Co., LLC v. Green Jets Inc.*, No. 11-80689-CIV, 2011 WL 5513262, at *2 (S.D. Fla. Nov. 10, 2011). Under Rule 12(b)(1), a defendant may also move to dismiss a complaint for "lack of subject-matter jurisdiction."

## DISCUSSION

Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (internal quotation marks and citation omitted). The doctrine "is a narrow [one], confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lance v. Dennis*, 546 U.S. 459, 464, (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 2544 U.S. 280, 284 (2005)). The *Rooker-Feldman* doctrine applies when

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

*Parker v. Potter*, 368 Fed. App'x 945, 948 (11th Cir. 2010) (quoting *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n. 1 (11th Cir.2003)). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citations and internal quotation marks omitted).

In the present case, the *Rooker-Feldman* doctrine applies to all Plaintiffs' stated claims. Plaintiffs were before the Florida court, the Florida foreclosure judgment was final on the merits, and Plaintiffs make no claim here that they could not raise in Florida court. Finally, Plaintiffs' allegation that the Assignment of Mortgage was invalid is inextricably intertwined with the Florida foreclosure judgment: Plaintiffs challenge the validity of the Assignment of Mortgage

and Defendant LaSalle Bank's right to enforce the Mortgage. This challenge, if successful, would effectively nullify the foreclosure judgment. No matter how narrow it has become, the *Rooker-Feldman* doctrine bars exactly these types of claims.[1]

What the *Rooker-Feldman* doctrine does not bar, however, are Plaintiffs' unstated but implied "independent damages claim . . . based on [Defendants'] alleged misconduct during the state foreclosure proceedings," *Kohler v. Garlets*, 578 Fed. App'x 862, 864 (11th Cir. 2014). *See id.* (reversing the district court's application of *Rooker-Feldman* because, "[c]onstrued liberally," the "complaint could also be read to raise" this claim). For example, a federal court could hear a plaintiff's claim based on an allegation "that the defendants knew of certain defects in the mortgage documents that would have barred their foreclosing on his property but continued with the foreclosure action for their 'own personal gain,'" *id* (citing and quoting the plaintiff's

---

[1] *See Kohler v. Garlets*, 578 Fed. App'x 862, 864 (11th Cir. 2014) (applying *Rooker-Feldman* "[t]o the extent [the plaintiff] claims that he was injured by the state court's foreclosure order and seeks 'a determination as to the title and rights and interests' of the foreclosed-upon property"); *Parker v. Potter*, 368 Fed. App'x 945 (11th Cir. 2010) (applying *Rooker-Feldman* to a mortgage rescission action because the state court had already decided "the legal effect of the mortgage" and the district court's judgment "unquestioningly invalidated the state court's final judgment granting foreclosure"); *Mickens v. Tenth Judicial Circuit*, 181 Fed. App'x 865, 874 (11th Cir. 2006) (applying *Rooker-Feldman* to a federal challenge to a foreclosure judgment that was allegedly procured by fraud because the plaintiffs "in essence, were attempting to reverse the state court's orders relating to ownership of the property in question."); *Harper v. Chase Manhattan Bank*, 138 Fed. App'x 130, 131 (11th Cir. 2005) (applying *Rooker-Feldman* to because the plaintiff's "request for an injunction to restrain [the mortgagee] from enforcing the foreclosure" showed the plaintiff's federal claim was inextricably intertwined with the state court foreclosure judgment); *Distant v. Bayview Loan Serv'g, LLC*, No. 09-61460-CIV, 2010 WL 1249129, at *3 (S.D. Fla. Mar. 25, 2010) (applying *Rooker-Feldman* because the plaintiff was "clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void").

4

complaint). In such a case, the plaintiff is not barred by the *Rooker-Feldman* doctrine because "a challenge to the defendants' conduct in state proceedings does not necessarily seek appellate review and reversal of the state court judgment . . . . " *Id.; cf. Arthur v. JP Morgan Chase Bank, NA*, 569 Fed. App'x 669 (11th Cir. 2014) (declining to apply *Rooker-Feldman* to the plaintiffs' fraud claim when the plaintiffs' "alleged injuries flow at least in part from the generation of the foreclosure documents and not solely from the issuance of the state court judgment"). Although in this case Plaintiffs do not state a claim arising from Defendants' misconduct during the foreclosure proceedings, such a claim can be implied from Plaintiffs' allegations that Defendants knew the Assignment of Mortgage was invalid, and especially that Defendant LaSalle Bank knew so when it filed its foreclosure complaint.[2]

Nevertheless, although the Court will construe Plaintiffs' *pro se* complaint with leniency, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite

---

[2] If Plaintiffs do assert a claim arising from these allegations, then, depending on the claim, they did not necessarily waive it by failing to bring it as a compulsory counterclaim in state court. *Compare Cordero v. Capital Bank*, 693 So. 2d 720 (Fla. 3d DCA 1997) (holding that "the presently asserted claims as to [a bank's] wrongful conduct" were not compulsory counterclaims to the "foreclosure action concerning [the plaintiff's] liability under the mortgage"); *with Norris v. Paps*, 615 So. 2d 735, 737 (Fla. 2d DCA 1993) (explaining that "[a]t least in some, if not all, cases, fraud in the inducement of a note or mortgage is a compulsory counterclaim to an action in foreclosure on the note or mortgage"); *Florida Cmty. Bank, Inc. v. Bloom*, 25 So. 3d 43 (4th DCA 2009) (holding that breach of a mortgage loan extension agreement was a compulsory counterclaim to a mortgage foreclosure action); *Ocean Bank v. State, Dept. of Fin. Servs.*, 902 So. 2d 833, 835 (1st DCA 2005) (holding that a claim to void a mortgage is a compulsory counterclaim to a foreclosure action); *Arthur v. JP Morgan Chase Bank, NA*, 569 Fed. App'x 669, 676 (11th Cir. 2014) (holding that, when applying Wisconsin law, "allegations based on fraud and civil RICO involving a foreclosure proceeding should be brought in the initial foreclosure proceeding"). However, whether or not Plaintiffs' unstated claims would be barred by the alternative doctrine of *res judicata* cannot be yet be discerned.

5

an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). The Court will therefore not discover claims where there are none. If Plaintiffs' do wish to state such a claim, they must allege the requisite facts and, if necessary, comply with the federal pleading requirements for fraud, *see* Fed. R. Civ. P. 9(b).

## CONCLUSION

For the aforementioned reasons, it is hereby

**ORDERED** and **ADJUDGED** that:

1. Defendants' Motion to Dismiss Plaintiffs' Complaint [ECF No. 16] is **GRANTED**.

2. Plaintiffs' claims are **DISMISSED WITH PREJUDICE** as to all stated claims.

3. Plaintiffs **SHALL FILE** an Amended Complaint within **FOURTEEN (14)** days from the date this order is entered.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 21st day of January, 2015.

                                                        Daniel T. K. Hurley
                                                        United States District Judge

*Copies provided to counsel of record*